**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE**

In re

OLAN CURTIS DERRICK
MELISA ANN DERRICK

        Debtors

Case No.  07-32531

OLAN CURTIS DERRICK
and MELISA ANN DERRICK

        Plaintiffs

v.

ROBERT LEE BIDDLE

        Defendant

Adv. Proc. No.  07-3086

**MEMORANDUM ON ATTORNEY'S FEES**

**APPEARANCES:**   LAW OFFICES OF MAYER AND NEWTON
    John P. Newton, Jr., Esq.
    1111 Northshore Drive
    Suite S-570
    Knoxville, Tennessee  37919
    Attorneys for Plaintiffs/Debtors

    DANIEL KIDD, ESQ.
    5508 Wallwood Road
    Knoxville, Tennessee  37912
    Attorneys for Defendant

**RICHARD STAIR, JR.
UNITED STATES BANKRUPTCY JUDGE**

The trial of this adversary proceeding was held on March 24, 2008, following which the court ruled from the bench, finding that the Defendant willfully violated the automatic stay by continuing to make demands for payment on his prepetition claim despite having actual knowledge of the Debtors' bankruptcy filing and awarded the Debtors their actual damages in the amount of $110.70 plus attorney's fees to be determined by the court. In the Order memorializing the court's ruling, entered on March 25, 2008, the Debtors' attorney was directed to file an affidavit setting forth a detailed statement of the fees and expenses incurred by the Debtors in their prosecution of this adversary proceeding, and the Defendant was provided ten days thereafter to file a response.

On April 1, 2008, the Debtors' attorney, John P. Newton, Jr., filed an Affidavit and Statement of Expenses evidencing 9.5 hours expended at a rate of $250.00 per hour, resulting in attorney's fees of $2,375.00. On April 7, 2008, the Defendant filed a Response to Plaintiff's [sic] Request for Attorney Fees (Response), objecting not to the time and expenses set forth in the Affidavit or the reasonableness of the hourly charge, but to the reasonableness of filing the adversary proceeding in the first place when there were no actual damages at the time and in light of the fact that the Debtors intentionally omitted the Defendant from their statements and schedules and did not provide him with notice of the meeting of creditors. He also argues that he made an offer of judgment via email on November 19, 2007, in the amount of $500.00 which was rejected, although the Debtors were ultimately found to have suffered only $110.70 in actual damages. The Debtors then filed the Plaintiff's [sic] Reply to Defendant's Response to Request for Attorney Fees (Reply) on April 9,

2008, stating that the issue of a proposed settlement was not properly raised at trial, and any evidence thereof is now inadmissible.[1]

With respect to the Defendant's argument that he made a more favorable settlement offer prior to the trial, Rule 68 of the Federal Rules of Civil Procedure, which is applicable in adversary proceedings by virtue of Rule 7068 of the Federal Rules of Bankruptcy Procedure, provides in material part:

> (a) **Making an Offer; Judgment on an Accepted Offer**. More than 10 days before the trial begins, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 10 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk may then enter judgment.
>
> (b) **Unaccepted Offer**. An unaccepted offer is considered withdrawn, but it does not preclude a later offer. Evidence of an unaccepted offer is not admissible except in a proceeding to determine costs.
>
> . . . .
>
> (d) **Paying Costs After an Unaccepted Offer**. If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made.

FED. R. CIV. P. 68 (made applicable to adversary proceedings pursuant to Rule 7068 of the Federal Rules of Bankruptcy Procedure). As is clear from the wording of the statute, "Rule 68 applies only where the offeree obtains some judgment 'not more favorable than the offer' of settlement, or in other words, a judgment for an amount greater than zero, but less than the amount of the offer."

---

[1] In his Response, the Defendant also argues that the Debtors' conversion to Chapter 7 on March 28, 2008, requires that any award of attorney's fees is property of the Debtors' estate and must be paid only to the Chapter 7 Trustee. The Debtors, in their Reply, dispute this assessment, arguing that under 11 U.S.C. § 348 (2005), the fees awarded as a result of the Defendant's willful violation of the automatic stay are not property of the estate. The court does not find this issue germane to the § 362(k)(1) attorney fee question.

3

*Pioneer Credit Co. v. Mostoller (In re Sec. Funding, Inc.)*, 234 B.R. 398, 400 (Bankr. E.D. Tenn. 1999).

On November 19, 2007, the Defendant, through his attorney, made the following settlement offer of $500.00 via email:

> Mr. Biddle has authorized me to offer you and your clients the sum of $500.00 to fully settle the bankruptcy adversary. This amount would be inclusive of any damages they claim to have suffered plus your attorney fees. I believe this is a very reasonable offer considering that your clients intentionally omitted listing my client as a creditor when they filed their Chapter 13 and at no time did my client ever receive a Notice of filing of bankruptcy. If your office had called or sent a letter to Mr. Biddle, his alleged violations would have ended. Please consider this offer as an Offer of Judgment pursuant to Rule 7068. If you accept this offer, I will prepare a formal judgment order and forward it to you for approval.

The offer was not accepted, and the trial proceeded as scheduled.

The Defendant argues that Rule 68 requires the Debtors to pay fees since they rejected a more lucrative offer of settlement back in November. The court disagrees. The Debtors' actual damages under § 362(k)(1) include attorney's fees. If the court was to award Mr. Newton the full amount of attorney's fees requested, the amount is unquestionably more than the $500.00 settlement offer, seeing as he performed a total of 9.5 hours work, for total attorney's fees of $2,375.00. Furthermore, according to Mr. Newton's Affidavit, as of November 19, 2007, he had already expended 1.7 hours, which translates to $425.00 at his hourly rate of $250.00. Adding together the $425.00 in attorney's fees and the $110.70 in actual damages, at the time of the offer, the Debtors would have been entitled to $535.70, which is greater than the $500.00 offer. Rule 68 does not, therefore, require the Debtors to pay costs.

That notwithstanding, the Debtors did neglect to schedule the Defendant as a creditor in their statements and schedules, despite the fact that he was, at the time, their landlord. And, when the offer was made, had the Debtors accepted it, their damages would have been substantially mitigated. Damages are awarded to debtors who have been injured by a willful violation of the automatic stay in order to compensate them therefor and to deter creditors from interfering with the policy purposes behind the automatic stay to provide debtors with "'a breathing spell' from collection efforts and [] shield individual creditors from the effects of a 'race to the courthouse,' thereby promoting the equal treatment of creditors." *In re Printup*, 264 B.R. 169, 173 (Bankr. E.D. Tenn. 2001). Nevertheless, it is incumbent upon debtors not to contribute to their injury when it can be lessened.

Here, however, based upon the testimony and record presented at trial, the Defendant, notwithstanding his knowledge that the Debtors had filed bankruptcy, and notwithstanding that the Debtors had filed the Complaint commencing this adversary proceeding on September 24, 2007, continued his violations of the automatic stay through January 7, 2008. These violations included two appearances in the Loudon County General Sessions Court to prosecute a detainer warrant issued against the Debtors seeking possession and the entry of a default judgment against the Debtors for past due prepetition rent. As the Defendant continued his demands for payment and prosecuted an action to collect payment from the Debtors despite his acknowledged awareness of their bankruptcy case, it was reasonable for the Debtors to continue their prosecution of this adversary proceeding. As such, the Debtors are entitled to their attorney's fees in the amount of $2,375.00.

5

An order consistent with this Memorandum will be entered.


FILED:  May 2, 2008

> BY THE COURT
>
> */s/  RICHARD STAIR, JR.*
>
> RICHARD STAIR, JR.
> UNITED STATES BANKRUPTCY JUDGE